USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEORGETTE FLEISCHER,

        Plaintiff,

-against-

BARNARD COLLEGE; LOCAL 2110 OF
THE UNITED AUTOMOBILE,
AEROSPACE AND AGRIGULTURAL
IMPLEMENT WORKERS OF AMERICA
(UAW); *and* ARBITRATOR RALPH S.
BERGER,

        Defendants.

19-CV-10738 (RA)

ORDER OF SERVICE

RONNIE ABRAMS, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action asserting claims under the Labor Management Relations Act, the National Labor Relations Act, and the Federal Arbitration Act. The Court can construe the complaint as additionally asserting claims under the Labor Management Reporting and Disclosure Act. Plaintiff sues Barnard College (her former employer); Local 2110 of the United Automobile, Aerospace and Agricultural Implement Workers of America ("Local 2110") (her union); and Ralph S. Berger (the arbitrator that adjudicated her grievance). Plaintiff seeks damages and asks the Court to vacate an August 19, 2019 arbitration award issued by Berger against her. Plaintiff has also filed an application for the Court to request *pro bono* counsel ("*pro bono* application"). DE 3.

    By Order dated December 19, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). DE 4.

    For the reasons discussed below, the Court dismisses Plaintiff's claims against Berger. The Court directs service on Barnard College and Local 2110, and denies Plaintiff's *pro bono* application without prejudice to Plaintiff's filing another such application at a later date.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court, however, does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal

2

conclusions from well-plead factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the plaintiff is entitled to relief. *Id.* at 678-79.

## DISCUSSION

### A. The Claims Against Berger are Dismissed

The Court hereby dismisses Plaintiff's claims for damages against Berger. Judges are absolutely immune from suit for damages for actions taken within their exercise of their judicial functions. *See, e.g., Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 885 (2d Cir. 1990). Because "the nature of the function performed by arbitrators necessitates protection analogous to that traditionally accorded to judges[,] . . . arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." *Id.* at 886. Plaintiff asserts claims for damages against Berger arising from his alleged actions during a contractually agreed upon arbitration proceeding initiated when Local 2110 filed a grievance against Barnard College on Plaintiff's behalf. Accordingly, the Court dismisses Plaintiff's claims for damages against Berger under the doctrine of arbitral immunity and because these claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

### B. Service on Barnard College and Local 2110

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal

3

Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on Barnard College and Local 2110 until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve Barnard College and Local 2110 until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on Barnard College and Local 2110 within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Barnard College and Local 2110 through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 form") for those defendants. The Clerk of Court is further instructed to issue summonses for Barnard College and Local 2110 and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

Plaintiff must notify the Court if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

### C. Plaintiff's *Pro bono* Application is Denied Without Prejudice

The Court hereby denies Plaintiff's *pro bono* application, albeit without prejudice. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and her ability to gather the facts and present

4

the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. In reviewing a request for appointment of counsel, the Court must also be cognizant of the fact that volunteer attorney time is a "precious commodity," and thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. Because the Court cannot compel attorneys to take on civil cases pro bono, and because it does not have the resources to pay counsel in civil matters, the granting of an application for pro bono counsel is thus "a rare event." *Colon-Reyes v. Fegs Health and Human Servs. Sys.*, 12-CV-2223 (CM), 2012 WL 2353732, at *1 (S.D.N.Y. June 13, 2012).

Having reviewed Plaintiff's letter asking for appointment of counsel along with the complaint, the Court finds that a more fully developed record will be necessary before it can determine whether Plaintiff's chances of success warrant the appointment of counsel. Plaintiff's application is therefore denied without prejudice to renewal at a later stage of this case.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Ralph S. Berger. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. (ECF 3.)

The Clerk of Court is further directed to issue summonses for Barnard College and Local 2110 of the United Automobile, Aerospace and Agricultural Implement Workers, complete USM-

285 forms with the service addresses for those defendants, and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: December 30, 2019
New York, New York

                                                                         _____
                                                                         RONNIE ABRAMS
                                                                         United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Barnard College
   3009 Broadway
   New York, New York 10027

2. Local 2110 of the United Automobile, Aerospace and Agricultural Implement Workers of America
   256 West 38th Street, Suite 704
   New York, New York 10018